Joseph P. HENNESSEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15063.

United States Court of Appeals Ninth Circuit.

March 20, 1957.

Writ of Certiorari Denied June 10, 1957. See 77 S.Ct. 1296.

Doepker & Hennessey, Butte, Mont., for appellant.

Krest Cyr, U. S. Atty., Frank M. Kerr, Asst. U. S. Atty., Butte, Mont., and Dale F. Galles, Asst. U. S. Atty., Billings, Mont., for appellee.

Before MATHEWS, HEALY and CHAMBERS, Circuit Judges.

MATHEWS, Circuit Judge.

On June 2, 1949, in Idaho, appellant, Joseph P. Hennessey, a resident of Montana, sustained a personal injury caused by the negligence of Fay R. Livingston, an employee of appellee, the United States, while Livingston was acting within the scope of his employment. On June 1, 1951, in the United States District Court for the District of Montana, appellant brought an action against appellee under 28 U.S.C.A. § 1346(b) [1] for $53,000 as damages for the injury sustained on June 2, 1949. Appellee answered, a trial was had, findings and conclusions were stated, and on November 29, 1955, a judgment for $2,512 was entered for appellant. Deeming the judgment inadequate, appellant appeals.

The District Court found that the injury sustained on June 2, 1949, was an injury to appellant's right shoulder, neck and back, which caused him pain, suffering, disability and "discomfiture;" [2] that, by reason thereof, appellant was damaged in the sum of $2,500; and that, for the treatment of his injured shoulder, appellant was required to incur medical expenses in the sum of $12.

The District Court found that on or about January 7, 1950, appellant suffered a blood clot [3] in his aorta which temporarily lodged at the point where the aorta splits to go down the legs; that thereafter the blood clot became dislodged from that point and slipped down into the artery of appellant's left leg; and that, as a result of the blood clot, the blood supply to appellant's legs was cut off, and appellant suffered excruciating pain in his back and legs and permanent damage to his left leg.

The District Court did not find that the blood clot was caused by the injury sustained on June 2, 1949. Instead, the District Court stated in its findings that, "as a result of all of the evidence in the case and particularly medical testimony," [4] it was unable to find that the blood clot was so caused. Accordingly, appellant was awarded $2,512—$2,500 as general damages, $12 as special damages—and no more.

Appellant contends that the District Court erred in failing to find that the blood clot was caused by the injury sustained on June 2, 1949. The evidence did not require such a finding. [5] We therefore cannot say that the failure to make such a finding was error.

Judgment affirmed.

1. Derived from the Federal Tort Claims Act.

2. Probably meaning discomfort.

3. Sometimes called an embolus.

4. Four medical experts testified at the trial—three (Drs. Harry R. Soltero, Robbert Scott Stokoe and C. H. Horst) for appellant and one (Dr. Louis Clayton Allard) for appellee. Dr. Soltero treated appellant for the injury sustained on June 2, 1949, but did not treat him for the blood clot, nor did he testify about the blood clot. Dr. Stokoe did not treat appellant for the injury sustained on June 2, 1949, but treated him for laryngitis, chest pains and abdominal pains from November 29, 1949, to December 4, 1949, treated him for bronchial pneumonia from January 3, 1950, to January 6, 1950, and treated him for the blood clot and its consequences from January 7, 1950, to May 10, 1950. Appellant, so far as the record shows, was never treated by Dr. Horst or Dr. Allard, but was examined by them in January, 1953. Testifying for appellant, Dr. Horst expressed the opinion that the blood clot was caused by the injury sustained on June 2, 1949. Drs. Stokoe and Allard did not express any such opinion, but testified that they were unable to determine what caused the blood clot. From other testimony of Drs. Stokoe and Allard, it appeared highly unlikely that the blood clot was caused by the injury sustained on June 2, 1949.

5. See footnote 4.